SEGUNDA SERRANO DE PÉREZ, Plaintiff and Appellant, v. FRANCISCO BRIGNONI, Defendant and Appellee.

No. 5845.   Argued June 23, 1932.—Decided May 10, 1933.

*Campos & Romero* for appellant.   *O. M. Wood* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Segunda Serrano, a widow, brought the present action in a municipal court against Francisco Brignoni to recover a balance due on an account for groceries.   The answer was a general denial.   Plaintiff obtained a judgment in the municipal court but the district court after a trial *de novo* dismissed the action.

According to the testimony for plaintiff, Brignoni and his ostensible wife, Ana Mendoza, opened an account in 1925 or 1926 with the owner of a small grocery store.   Segunda Serrano was at that time the wife of the grocer.   At times she assisted the clerks in waiting on customers.   At the death of the owner, the widow became the owner of the business which seems to have been carried on for a time thereafter largely by the clerks.   One of the clerks kept the books.   The district judge laid some stress on the fact that the account had been originally in the name of Ana Mendoza, and that a duplicate in the name of Brignoni had the appearance of having been recently made.   The testimony of the clerk as to these two accounts left little room for doubt that the account had been opened and carried up to the date of the last entry in the name of Ana Mendoza and that the duplicate in the name of

Brignoni was an afterthought. It does not follow that Brignoni was thereby relieved from all liability.

The testimony for the defense tended to show that Brignoni was not the husband of Ana Mendoza although he had lived with her in open concubinage for many years and was the father of her ten children. The district judge held that while Brignoni might be morally responsible he was not legally liable for groceries sold in good faith to his putative wife because for the want of a marriage ceremony there was no conjugal partnership.

Aside from any question of conjugal partnership, a man who cohabits with a woman and holds her out to the community as his wife, is liable for necessaries furnished to her in good faith by dealers, especially if he has, by implication or otherwise, authorized the extension of credit to her or ratified in any way such extension of credit. In an action to recover the amount due for necessaries so sold and delivered he is estopped to deny that the woman is his wife. Whether or not Brignoni expressly authorized the opening of the account is not a pivotal point. It was an account extending over a number of years. Brignoni must have been aware of its existence by reason of its connection with the food supply for himself and his *de facto* wife and family. He should not be permitted to escape liability for necessaries furnished in the circumstances of the instant case by taking shelter behind the fact that he and his concubine had never been legally married. See Schouler, Marriage, Divorce, Separation and Domestic Relations, Vol. I, page 111; 30 C. J. 594, section 128, *Redferns Limited* v. *Inwood et al.*, Ann. Cas. 1913 D. 1061, and note.

The judgment appealed from must be reversed and in lieu thereof the judgment of this Court will be entered for plaintiff.